UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MACIAS,<br><br>             Petitioner,<br><br>     v.<br><br>J. D. HARTLEY, Warden,<br><br>             Respondent. | 1:13-cv—00169-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (DOC. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on February 4, 2013.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

1  appears from the petition and any attached exhibits that the
2  petitioner is not entitled to relief in the district court...."
3  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
4  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
5  1990).  Habeas Rule 2(c) requires that a petition 1) specify all
6  grounds of relief available to the Petitioner; 2) state the facts
7  supporting each ground; and 3) state the relief requested.
8  Notice pleading is not sufficient; the petition must state facts
9  that point to a real possibility of constitutional error.  Rule
10 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,
11 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75
12 n.7 (1977)).  Allegations in a petition that are vague,
13 conclusory, or palpably incredible are subject to summary
14 dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.
15     The Court may dismiss a petition for writ of habeas corpus
16 either on its own motion under Habeas Rule 4, pursuant to the
17 respondent's motion to dismiss, or after an answer to the
18 petition has been filed.  Advisory Committee Notes to Habeas Rule
19 8, 1976 Adoption;  see, Herbst v. Cook, 260 F.3d 1039, 1042-43
20 (9th Cir. 2001).  A petition for habeas corpus, however, should
21 not be dismissed without leave to amend unless it appears that no
22 tenable claim for relief can be pleaded were such leave granted.
23 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
24     Here, Petitioner alleges that he is an inmate of the Avenal
25 State Prison serving a sentence of fifteen years to life pursuant
26 to his conviction of second degree murder sustained in 1984 in
27 the Superior Court of the State of California, County of Los
28 Angeles.  (Pet., doc. 1, 1.)  Petitioner challenges the decision

2

of a panel of California's Board of Parole Hearings (BPH) made following a December 29, 2010, hearing, in which the BPH determined that Petitioner was unsuitable for parole. (Pet. 4-6, 9.)

Petitioner raises the following claims in the petition: 1) the BPH arbitrarily and oppressively failed to adhere to Cal. Pen. Code § 3041 in denying parole, thereby violating Petitioner's right to due process of law guaranteed by the Fourteenth Amendment; 2) the BPH arbitrarily denied Petitioner his fundamental liberty interest, thereby violating Petitioner's interests as protected by the Fifth and Fourteenth Amendments; 3) the BPH's denial of parole violated Petitioner's right to due process of law because it was arbitrary and "failed the bases of the codified criteria where parole is the rule, rather than the exception" (id. at 5); 4) the BPH's denial of parole violated due process because it was arbitrary as it failed to show a nexus between Petitioner's parole risk and his continued confinement; and 5) the BPH arbitrarily abolished Petitioner's liberty interest because it failed to follow Cal. Pen. Code § 3041, and its decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, in violation of federal law and Petitioner's right to due process of law. (Id. at 4-6.)

II. Background

Petitioner appeared before the BPH on December 29, 2010, at Avenal State Prison. (Pet. at 12.) Petitioner was represented by counsel; he gave sworn testimony to the commissioners and made a closing statement concerning his suitability for parole. (Id.

3

at 13-16, 67-68.)  Petitioner was given the opportunity to correct or clarify the record.  (Id. at 17.)

The murder occurred when, during an armed robbery committed by a co-defendant and Petitioner when Petitioner was eighteen years old, the co-defendant fatally stabbed the victim.  (Id. at 18-19.)  Petitioner's criminal history included juvenile possession of nunchucks, burglary, battery, attempted use of a knife against Petitioner's brother, and threats to kill his stepmother, all of which Petitioner attributed to his drug use (marijuana, speed, PCP, alcohol, and heroin).  (Id. at 33-37, 42.)  Petitioner had been sporadically employed; his longest period of employment was three months.  (Id. at 42.)  Petitioner had completed numerous courses in prison and had committed disciplinary offenses between March 1985 and November 2003 that included mutual combat, fighting, physical altercation, and possession of a stabbing weapon.  (Id. at 48-49.)  Petitioner was diagnosed with poly-substance dependence and antisocial personality disorder.  He had improved insight into the variables that influenced his abuse of controlled substances and his willingness to engage in criminal and violent behavior, but he demonstrated limited levels of insight into his behavior, decision making, substance abuse, and behavioral control skills. He needed to develop a comprehensive relapse prevention plan regarding substance abuse.  (Id. at 50.)  He was within the low to moderate range for violent recidivism.  (Id. at 51-53.)

The panel informed Petitioner that it found him unsuitable for parole because he posed an unreasonable risk of danger if released, based on Petitioner's exceptionally callous commitment

4

offense, institutional misconduct, disturbing history of violence as a juvenile, multiple failures in the juvenile system, limited insight, and lack of a comprehensive relapse prevention plan. (Id. at 70-78.)

Although Petitioner does not detail his efforts to exhaust state remedies, he alleges that he appealed the decision and attaches a copy of an order from the California Supreme Court denying a petition for writ of habeas corpus. (Id. at 96.)

III. Legal Standards

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

5

>     (2) resulted in a decision that was based on an
>     unreasonable determination of the facts in light
>     of the evidence presented in the State court
>     proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. <u>Cullen v. Pinholster</u>, - U.S. -, 131 S.Ct. 1388, 1399 (2011); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000). A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, that of the Supreme Court, or concludes differently on a materially indistinguishable set of facts. <u>Williams v. Taylor</u>, 529 U.S. at 405-06. A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in an objectively unreasonable manner, or 2) extends or fails to extend a clearly established legal principle to a new context in an objectively unreasonable manner. <u>Hernandez v. Small</u>, 282 F.3d 1132, 1142 (9th Cir. 2002); see, <u>Williams</u>, 529 U.S. at 407. An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. <u>Williams</u>, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that fairminded jurists could disagree on the correctness of the state court's decision. <u>Harrington v. Richter</u>, 562 U.S. -, 131 S.Ct. 770, 786 (2011).

IV. <u>The State Court's Construction or Application of Cal. Pen. Code § 3041 as a Violation of Due Process of Law</u>

In his first, second, third, and fifth claims, Petitioner argues that his right to due process of law and his protected liberty interest under Cal. Pen. Code § 3041 were violated by the state court's application or construction of Cal. Pen. Code § 3041.

There are two basic principles that limit this Court's review of the state court decisions concerning determinations of parole suitability. First, the Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[1] <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862. In <u>Swarthout</u>, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the

---

[1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id.</u> at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. <u>Id.</u> at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. <u>Id.</u> at 9. Further, the discretionary decision to release one on parole does not involve retrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. <u>Id.</u> at 13. In <u>Greenholtz</u>, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. <u>Id.</u> at 15.

7

decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at 862-63.

Second, alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d at 1389. In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law

8

unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. See, Mullaney v. Wilbur, 421 U.S. 684, 691 n.11 (1975); Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

This Court is bound by the California court's determination of state law with respect to Petitioner's challenge to the state court's application of § 3041 which provides in pertinent part, with respect to indeterminately sentenced inmates, the following:

> One year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissioners shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5.

Cal. Pen. Code § 3041(a). The statute further provides:

> The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced and other factors in mitigation or aggravation of the crime.

(Id.)

Section 3041 has been interpreted to require the BPH to grant parole unless it determines that public safety requires a lengthier period of incarceration because of the gravity of the offense underlying the conviction. In re Rosenkrantz, 29 Cal.4th 616, 654 (2002). The expectation of parole applicants is only that they will be granted parole unless the BPH finds, in the exercise of its discretion, that they are unsuitable for parole because they are currently dangerous in light of the circumstances specified by statute and regulation. In re Lawrence, 44 Cal.4th 1181, 1204 (2008).

The state courts have determined that the BPH may base a decision to deny parole on the circumstances of the offense or

9

upon other immutable facts, such as an inmate's criminal history, if those facts support the ultimate conclusion that an inmate continues to pose an unreasonable risk to public safety. In re Lawrence, 44 Cal.4th at 1212, 1214, 1221.  Such a conclusion should be based on an individualized consideration of the facts of the crime in the context of the inmate's pre-incarceration and post-incarceration history, the passage of time, and any attendant changes in an inmate's psychological or mental attitude. Id.

  A failure to gain insight into the causative factors leading to an offense is considered an indication that the inmate is currently dangerous. In re Shaputis, 44 Cal.4th 1241, 1259-60 (2008) (finding that despite considerable evidence of long-term rehabilitation in prison, some evidence existed to support a denial of parole based on the heinous nature of the offender's murder of his wife, his long history of violent and brutalizing behavior toward the victim and the remainder of the family, his continued insistence that his shooting of the victim was an accident, and his failure to gain insight or understanding into his violent conduct or his commission of the commitment offense); In re Shippman, 185 Cal.App.4th 446, 458-60 (2010) (the offender's lack of insight into what caused him to murder his wife and his minimization of culpable conduct supported a conclusion that the offender would not be able to avert continued misconduct in the future, and thus it indicated continued dangerousness).

  This Court is bound by the state court's decisions on matters of state law.  A state's misapplication of its own laws

does not provide a basis for granting a federal writ of habeas corpus. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). It is not for this Court to determine that the California courts erred in their interpretation of § 3041, their acceptance and application of the regulatory enactments that were expressly authorized by § 3041(a), or their definition of the liberty interest and the scope of any corresponding expectations of release on parole that may legitimately be held by indeterminately sentenced prisoners.

Here, the record shows that Petitioner received notice of the hearing, access to his records, an opportunity to appear and to contest any evidence against him, and a statement of reasons for the decision. Accordingly, pursuant to Swarthout v. Cooke, 131 S.Ct. 859, Petitioner received all process that was due. Further, to the extent that Petitioner contends that the evidence did not warrant the BPH's denial of parole, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, Petitioner's argument is not cognizable in this proceeding. California's "some evidence" rule is not a substantive federal requirement, and the correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at 862-63.

With regard to Petitioner's argument that the BPH unconstitutionally interfered with or violated Petitioner's liberty interest, Petitioner's interests are not comparable to the liberty interest of a person charged with a criminal offense. Roberts v. Hartley, 640 F.3d at 1045 (citing Swarthout v. Cooke,

11

131 S.Ct. at 861-62). On the contrary, even where state law creates a liberty interest in parole, there is no federal right to be conditionally released before the expiration of a valid sentence. Id. Further, the application of the parole statute presents no risk of uncertainty with respect to the conduct included within the scope of a statute imposing criminal liability. Likewise, because neither criminal liability nor criminal punishment is expanded by the challenged construction or application, there is no ex post facto problem.

Petitioner's allegations concerning the state's allegedly erroneous construction or application of § 3041 do not point to a real possibility of constitutional error; thus, Petitioner has not alleged facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254. With respect to the propriety of granting leave to amend the petition, the Court notes that Petitioner has set forth the entire transcript of the parole proceedings, which reflects that he received all process that was due. The defect in Petitioner's due process claim relating to the construction or application of Cal. Pen. Code § 3041 relates to the nature of the claim and not to any dearth of allegations of specific facts or other record defect. If Petitioner were granted leave to amend, he could not state a tenable due process claim. Thus, granting leave to amend would be futile.

Accordingly, it will be recommended that Petitioner's due process claims concerning the California court's construction or application of its statutes and regulations be dismissed without leave to amend.

V.  <u>Absence of a Nexus between Risk and Confinement</u>

In his fourth claim, Petitioner challenges the decision as arbitrary because the BPH failed to show a nexus between his parole risk and his continued confinement. Petitioner appears to argue that there is an absence of evidence to support the conclusion that Petitioner was a current danger if released, and thus Petitioner was denied due process of law under the Fourteenth Amendment.

However, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. <u>Swarthout</u>, 131 S.Ct. at 862-63. Because Petitioner's claim concerning the evidence is not within the scope of this Court's review in a proceeding pursuant to 28 U.S.C. § 2254, it will be recommended that Petitioner's claim be dismissed without leave to amend.

In summary, all Petitioner's claims must be dismissed without leave to amend because they are not cognizable in this proceeding.

VI.  <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, reasonable jurists could not debate whether the petition should have been resolved in a different manner. Thus, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that

14

the Court decline to issue a certificate of appealability.

VII.   Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 27, 2013**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

15